IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CRAIG SKIPPER  #146391, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:09-CV-870-TMH |
| | ) |
| GARY HETZEL, et al., | ) |
| | ) |
|     Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Craig Skipper ["Skipper"], a state inmate, on June 4, 2009.  In this petition, Skipper challenges a conviction for third degree robbery imposed upon him by the Circuit Court of Houston County, Alabama.  The respondents filed an answer in which they assert that the instant habeas petition should be dismissed because Skipper has failed to exhaust state remedies with respect to each of the claims now pending before this court.  Specifically, the respondents argue that any claim of ineffective assistance of counsel on which Skipper seeks relief has not been exhausted in the state courts as the petitioner may present these claims in a post-conviction petition filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.  It is likewise clear to this court that to the extent Skipper seeks to challenge his competency to stand trial, i.e., a substantive competency claim, he has likewise failed to exhaust state remedies because such a claim is jurisdictional and would not be precluded from review in a Rule 32 proceeding by any state procedural rule.

*Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir.), *cert. denied* 517 U.S. 1247, 116 S.Ct. 2505 (1996) (Although petitioner did not raise, on direct appeal or in his initial Rule 32 petition, "his substantive competency claim that he was tried while incompetent ... [this] substantive claim ... is not subject to procedural default and must be considered on the merits."); *Glass v. State*, 912 So.2d 285, 288 (Ala.Cr.App. 2004) ("To the extent [petitioner] raises a substantive due-process claim - that he was convicted while mentally incompetent to stand trial - the petition is not subject to procedural bars.").

Upon review of the respondents' answer, the court entered an order affording Skipper an opportunity to demonstrate why his petition should not be dismissed for failure to exhaust state remedies. *Order of October 8, 2009 - Court Doc. No. 15*. In response to this order, Skipper concedes his failure to exhaust state remedies prior to filing his federal habeas petition and seeks dismissal of this case without prejudice "so that [he] may exhaust his available state court remedies as to each claim raised in the present petition for writ of habeas corpus." *Petitioner's Motion to Dismiss - Court Doc. No. 16* at 1-2.

## DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State

to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). It is undisputed that Skipper has not yet exhausted his available state court remedies with respect to each of the claims presented in the instant petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of these claims without first requiring that the petitioner exhaust available state remedies. 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of the state court collateral proceeding as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Skipper can pursue those state court remedies available to him.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petitioner's motion to dismiss be GRANTED.

2. The petition for habeas corpus relief be DENIED.

3. The petition be DISMISSED without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies. It is further

ORDERED that on or before November 10, 2009 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th  day of October, 2009.

                                            /s/ Terry F. Moorer
                                            TERRY F. MOORER
                                            UNITED STATES MAGISTRATE JUDGE